WEST JERSEY RAILROAD COMPANY, PLAINTIFF IN ERROR, v. HELEN M. PAULDING ET AL., ADMINISTRATORS, DEFENDANTS IN ERROR.

In an action against a railroad company for negligently killing plaintiff's intestate at a public crossing, the plaintiff, against objection, was permitted to prove that the municipal authorities of a near-by borough had passed an ordinance requiring the railroad at all times to maintain a flagman at the crossing in question and had directed notice to this effect to be given to the company.   *Held*—

1. That the admission of this proof was injurious error.

2. That this error was not cured by a subsequent request for permission to withdraw the proof, which was not acted upon by the trial court.

———

On error to the Supreme Court.

For the plaintiff in error, *Samuel H. Grey* and *Martin P. Grey.*

For the defendants in error, *Clement H. Sinnickson* and *William E. Potter.*

The opinion of the court was delivered by

GARRISON, J.   The first assignment of error is based upon a bill of exceptions which certifies that the plaintiff below, against the objection of the defendant, was permitted to put in the minute-book of the borough of Woodstown in order to prove the passage of an ordinance requiring the defendant to

maintain at all times a flagman at the crossing at which the plaintiffs' intestate was killed, and that notice thereof was directed to be given to the defendant corporation.

The testimony was clearly illegal. The matter was *res inter alios,* even if any proof had been offered of the legal existence of the municipality in question or of its legislative authority to impose the regulation prescribed.

The injurious nature of the testimony is likewise apparent. The decedent was a resident of Daretown, who was killed by being struck by a locomotive of the defendant at a road crossing near Woodstown. The question of his contributory negligence entered largely into the issue. Upon this point the fact that a municipality near the crossing had made a requisition upon the defendant to protect at all times passengers upon the highway from the dangers of this crossing was a most persuasive argument in favor of the view that otherwise travelers would be exposed to extraordinary dangers. This was a question to be decided by the jury upon competent proof. Upon such a point the opinion of the neighboring municipal authorities could not be deemed to be without its influence on the jury.

No serious effort is made to justify the admission of this proof other than that the objection to it was not sufficiently specific. An effort was made, however, to mollify its injurious effect by a reference to the stenographer's notes, which show that after the allowance and sealing of the exception the plaintiff's counsel asked to withdraw the proof. The notes further show that to this proposition the trial court replied : " You have offered the ordinance and the record of the direction given by the borough council to notify the company, then you ask leave to withdraw, which I have not ruled upon." And no ruling was at any time made upon this offer, nor was any exception asked to the failure to permit it.

This *colloquium* formed no part of the judicial certificate, and hence is not properly before us for any purpose. If, however, we accept the history of the trial as given in the transcript of the stenographer, it does not, in the least degree,

alter the situation.    The testimony was offered for a specific purpose; it was objected to; was legalized by its admission, and was never afterward eliminated from the proofs.    Whether any use was made in the arguments of the facts thus established is not known, nor would the fact that it was not adverted to have any influence upon a decision on error as to its legality.    A judgment based upon a verdict rendered on proofs, of which this was one, is inevitably tinctured with illegality, and cannot be permitted to stand when challenged in this respect.    The judgment must, therefore, be reversed, and a *venire de novo* awarded.

In view of this determination no practical purpose would be served by reviewing in detail the other assignments of error.

*For affirmance*—THE CHANCELLOR, LIPPINCOTT, LUD-LOW, BOGERT, BROWN, KRUEGER.    6.

*For reversal*—THE CHIEF JUSTICE, DIXON, GARRISON, MAGIE, VAN SYCKEL, SIMS, SMITH, TALMAN.    8.